[Crim. No. 2760.   Third Dist.   July 2, 1957.]

THE PEOPLE, Respondent, v. JOHN MANGIPANE, Appellant.

246

F. M. Brack and A. M. Frad for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

WARNE, J. pro tem.*—The appellant was found guilty by a jury of the charge of wilfully secreting a motor vehicle with intent to defraud an insurance company. (Pen. Code, § 548.) He appeals from the judgment entered and from the order denying his motion for a new trial.

Mangipane, the appellant, was the registered owner of a 1954 Ford pickup truck. On March 24, 1955, he and his wife drove the truck to the downtown area of the city of Modesto to go shopping. He parked the truck on the north side of "K" Street between 12th and 13th Streets. He locked the ignition, but he did not lock the doors. He and his wife shopped for approximately two hours and returned about 9 p. m. to the place where the vehicle had been parked. The truck was not there. He then reported the vehicle as stolen to the police. Subsequently, during the month of May, 1955, appellant filed a claim of loss with his insurer, who eventually settled the claim for $1,648.94, most of which went to the lien holder. In addition, appellant received the sum of $150 under the provisions of the policy to cover loss of use of the insured vehicle. About a year after the alleged theft, the truck was discovered in a parking lot in the city of Modesto. The motor number had been obliterated, a new license number secured, a 1955 radiator grill had been installed, and the truck had been repainted. The truck was being used by one Joe Trombetta and his wife, she having applied for registration in her name.

From the testimony of a Mr. Edgar Kelly and his wife, Candace Kelly, it was shown that at approximately the time the appellant reported the theft of his truck, the truck was placed in Mr. Kelly's residence garage by the appellant and Trombetta. The truck remained in the garage for approximately 11 months when, at the insistence of Mrs. Kelly, it was removed by Trombetta to a garage, and it was at that time that the alterations were made on the truck. Just prior to the removal of the truck from the Kelly garage, Mrs. Kelly telephoned to appellant and told him that she wanted the vehicle removed from their garage or she would have to call the police and have it towed away.

Appellant contends that there is no evidence, either direct or by implication, to connect him with the crime charged except the testimony of the witness Edgar Kelly; that the evidence shows that Kelly was an accomplice as a matter of

*Assigned by Chairman of Judicial Council.

law; and that his testimony was not corroborated as required by Penal Code, section 1111, and that the judgment should be reversed for that sole reason.

An accomplice is ". . . one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." (Pen. Code, § 1111.) ██ If the undisputed evidence establishes that a witness is an accomplice, the jury should be so instructed, but if the facts as to complicity are in dispute, the question should be left to the jury. (*People* v. *Barclay*, 40 Cal.2d 146, 151-152 [252 P.2d 321], and cases cited therein.) ██ Kelly testified that the truck was brought to his home by his employer, Joe Trombetta, and the appellant, and was stored in his garage for six or seven months, but that it could have been as long as 11 months as testified to by his wife; that the truck was then removed by Trombetta to his garage; that he helped Trombetta take this truck out of his garage; that he had not helped change the radiator grill but that he had helped dismantle a wrecked truck which Trombetta had purchased and from which the radiator grill was obtained. He testified that he had not helped with the paint job or with the changing of the serial number; that he thought Trombetta had bought the pickup from the appellant; that there was nothing wrong with the original 1954 radiator grill; and that he saw nothing out of the way in repainting the vehicle and changing the grill. He further testified that appellant and Trombetta had agreed to pay him storage for keeping the truck in his garage, but that he had not been paid; that he knew that the truck had previously belonged to appellant, and that after it had come out of storage, he knew it was being used and claimed by Trombetta in its changed condition. There is no testimony that Kelly knew that appellant intended to defraud an insurance company, nor is there evidence that Kelly was knowingly assisting in secreting the car for the purpose of defrauding any person. It could be inferred from this testimony that Kelly was not an accomplice, hence the question of whether he was an accomplice was properly left to the jury. The jury were fully and correctly instructed upon the law pertinent to the question, and since it may reasonably be inferred that the jury found that he was not an accomplice, this court is bound by their implied finding in affirming the judgment.

██ Even if it might be said that Kelly was an accomplice whose testimony was required to be corroborated, there was

sufficient corroboration in the testimony of his wife. Mrs. Kelly testified that she was present at the time that the truck was first placed in the garage of their home. She testified that the vehicle was brought to her home by a Mr. Joe Trombetta and another man who was introduced to her as John Mangipane, the appellant. She placed the time as some day in March, 1955. She testified that the truck remained in the garage for approximately 11 months at which time she called the appellant on the telephone and requested him to remove the truck. A few days thereafter the truck was removed by Mr. Trombetta. Mrs. Kelly was certain in her testimony that it was John Mangipane whom she called on the telephone and to whom she spoke, although with respect to the identification of John Mangipane at the time the truck was placed in the garage, Mrs. Kelly was not certain. However, she testified that she was acquainted with his two brothers, Joe Mangipane and Tony Mangipane, and that it was not either of them who was present at the time the truck was placed in the garage.

As is stated in *People* v. *Santo*, 43 Cal.2d 319, 327 [273 P.2d 249] : "The accomplice need not be corroborated as to every fact to which he testifies. The evidence which corroborates the accomplice need not be direct; it may be circumstantial. Although the corroborating evidence must do more than raise a conjecture or suspicion of guilt, it is sufficient if it tends in some degree to implicate the defendant. [Citing cases.] To be sufficient the implicating evidence 'must relate to some act or fact which is an element of the offense.' "

Here, the implicating evidence of the offense is the testimony of Mrs. Kelly that appellant and Trombetta brought the truck to her residence and secreted it in the Kelly garage; that it was the appellant to whom she phoned requesting the removal of the truck; and that the truck was thereafter removed within a few days.

The judgment and the order denying appellant's motion for a new trial are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.